IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HISHAM KASSAB, *et al.*,                       *

      Plaintiffs,                                *

v.                                             *                Civil No. TJS-23-247

DELTA AIR LINES, INC., *et al.*,               *

      Defendants.                                *

               *       *       *       *       *       *

**MEMORANDUM OPINION**

This case is assigned to me for all proceedings by the consent of the parties, pursuant to 28 U.S.C. § 636(c). ECF No. 14. Pending before the Court is the Motion to Dismiss (ECF No. 15) filed by Defendants Delta Air Lines, Inc. and Ed Bastian.[1] ECF No. 15. Having considered the parties' submissions, I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, the Motion will be granted.

**I.      Background**

Plaintiff Hisham Kassab[2] ("Plaintiff") sued Defendants Delta Air Lines ("Delta") and Ed Bastian in the District Court of Maryland for Montgomery County on August 1, 2022. ECF No. 3 at 1. In the Complaint, Mr. Kassab sought $4,889.53 in damages "plus court fees." *Id.* at 1, 4. Although Plaintiff did not specify a cause of action, his claim appears to arise from state tort or

---

[1] Plaintiff consents to the dismissal of Defendant Ed Bastian. ECF No. 17 at 1. The Court will dismiss the claims against Mr. Bastian with prejudice.

[2] The Complaint names only one Plaintiff: Hisham Kassab. ECF No. 3 at 1. It is unclear why the parties have referred to multiple plaintiffs. Mr. Kassab's sons are not named as plaintiffs in the Complaint and Mr. Kassab has never sought leave to amend the Complaint to add his sons as parties. Still, the Court will consider the Motion as if Mr. Kassab's sons are named plaintiffs with claims against Defendants.

contract law. Defendants timely removed the case to this Court on the basis of federal question jurisdiction. ECF No. 1. Defendants then filed the Motion, which is ripe for decision.

## II.     Factual Allegations

The following facts are accepted as true for the purpose of evaluating this Motion. Plaintiff alleges that he, along with his two sons, purchased tickets to travel on Delta Flight #6686, scheduled to depart Washington, D.C. at 4:15 p.m. on August 1, 2019, and arrive in Rome, Italy on August 2, 2019, at 7:00 a.m. ECF No. 3 at 3. Once in Rome, Plaintiff and his sons had tickets for another flight to take them to Vienna, their final destination. This flight was scheduled to depart from the Rome airport at 8:45 a.m. on August 2, 2019. *Id.*

Plaintiff and his sons boarded the aircraft at Dulles on August 1, 2019. *Id.* While waiting for takeoff, the pilot announced that the plane would return to the gate to receive additional fuel. *Id*. This resulted in a delay of two hours or more. *Id.* As a result, Plaintiff and his sons did not arrive in Rome in time to make their connecting flight to Vienna. *Id.* Plaintiff alleges that he suffered damages as a result. *Id.* He alleges that Defendants' conduct was "unnecessary, avoidable, and . . . due to incompetence on the part of the crew operating the airplane." *Id.* He alleges that "the return to the gate for fueling amounts to malfeasance as well as callous dereliction of service and responsibility by Delta Air Lines." *Id.* Plaintiff attached to his Complaint a copy of his flight itinerary, which confirms the travel dates of August 1-2, 2019. *Id.* at 5-7.

## III.    Discussion

### A.     Legal Standard

Rule 12(b)(6) permits a court to dismiss a complaint if it fails to "state a claim upon which relief can be granted." "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint, [and not to] resolve contests surrounding the facts, the merits of a claim, or the

applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (internal quotation marks omitted). A complaint must consist of "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). When considering a motion to dismiss, a court must accept as true the well-pled allegations of the complaint and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). While a court must take the facts in the light most favorable to the plaintiff, it "need not accept the legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint generally "does not need detailed factual allegations." *Id.* So long as the factual allegations are "enough to raise a right to relief above the speculative level," the complaint will be deemed sufficient. *Id.* A "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable and that a recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

### B.    The Montreal Convention

Defendant argues that Plaintiff's state-law claims are completely preempted by federal law under the Convention for the Unification of Certain Rules for International Carriage by Air, May

28, 1999, reprinted in S. Treaty Doc. No. 106–45, 1999 WL 33292734 (2000) ("Montreal

Convention"). ECF No. 15-1. The Montreal Convention

> prescribes liability for three categories of damages arising from the international carriage of passengers, baggage, or cargo by airlines. Article 17 of the Convention establishes carrier liability for death or bodily injury of a passenger or the destruction, loss of, or damage to baggage occurring on board a flight or in the process of embarking or disembarking; Article 18 provides for damage to cargo, subject to certain exclusions; and Article 19 applies to claims for damages occasioned by delay in the carriage of passengers, baggage, or cargo. *See Weiss v. El Al Israel Airlines, Ltd.*, 433 F. Supp. 2d 361, 365 (S.D.N.Y. 2006).

*Fangbeng Fuondjing v. Am. Airlines, Inc.*, No. DKC-10-1169, 2011 WL 1375606, at *2–3 (D.

Md. Apr. 12, 2011).

"Entered into force in the United States on November 4, 2003, the Montreal Convention

updated and replaced the Warsaw Convention, a uniform system of liability for 'flights between

the United States and Foreign States also party to the Convention and for international flights

having their origin and destination in the United States (round trips).'" *Selke v. Germanwings

GmbH*, 261 F. Supp. 3d 666, 675 (E.D. Va. 2017) (citation omitted); *see also Fangbeng Fuondjing

v. Am. Airlines, Inc.*, No. DKC-10-1169, 2011 WL 13223692, at *3 (D. Md. Jan. 19, 2011). When

it applies, the Montreal Convention is the exclusive remedy for claims relating to "the carriage of

passengers, baggage and cargo, any action for damages, however founded, whether under [the]

Convention or in contract or in tort or otherwise." Montreal Convention, Art. 29.

Claims under the Montreal Convention must be brought within two years from the date of

injury. Montreal Convention, Art. 35 ("The right to damages shall be extinguished if an action is

not brought within a period of two years, reckoned from the date of arrival at the destination, or

from the date on which the aircraft ought to have arrived, or from the date on which the carriage

stopped.").

### C.       Plaintiff's Claims Must Be Dismissed

There is no dispute that the United States and Italy are both parties to the Montreal Convention. *See* ECF No. 15-1 at 7 (citing the list of party-countries to the Montreal Convention). Because the delay and alleged damages at issue in Plaintiff's Complaint arise from an international flight between the United States and Italy, the Montreal Convention applies to this case. Contrary to Plaintiff's argument, the Montreal Convention applies even where the delay at the heart of a plaintiff's claim occurs before the flight departs. *See Shabotinsky v. Deutsche Lufthansa AG*, 245 F. Supp. 3d 1018 (N.D. Ill. 2017) (holding that a passenger's delay resulting from a scheduling change prior to flight's departure did not place his claims outside of the Montreal Convention's scope); *Dochak v. Polskie Linie Lotnicze LOT S.A.*, 189 F. Supp. 3d 798, 808 (N.D. Ill. 2016) ("[N]othing in Article 19 of the Montreal Convention suggests that it only applies to delays that occur after a plaintiff's initial flight takes off.").

Because the Montreal Convention applies, Plaintiff's recovery is limited by a two-year statute of limitations. Montreal Convention, Art. 35. Plaintiff's damages arise from a delay that occurred in August 2019. ECF No. 3 at 3-7. Plaintiff's Complaint was filed in August 2022, nearly three years after the time when he suffered the claimed damages. *Id.* at 1. Because the Montreal Convention bars recovery for damages suffered more than two years before a complaint is filed, Plaintiff is barred from recovery. Charles F. Krause, 1 Aviation Tort and Reg. Law § 12:27 (April 2023 update) (explaining that the Montreal Convention's requirement that actions be brought within two years has "been fully implemented by courts in the United States," which "have repeatedly held actions for death, personal injury or property damage to have been barred where not commenced within this designated two-year period" and collecting cases); *Roberts v. Delta Airlines, Inc.*, No. 1:19 CV 248, 2020 WL 4496544, at *8 (W.D.N.C. July 13, 2020), *report and recommendation adopted*, No. 1:19-CV-00248-MR-WCM, 2020 WL 4468729 (W.D.N.C. Aug. 4,

2020) (concluding that plaintiff's claims were time-barred under the Montreal Convention because plaintiff did not bring suit until nearly three years after the damages arose); *Ramos v. Am. Airlines, Inc.*, No. 3:11CV207, 2011 WL 5075674, at *2 (W.D.N.C. Oct. 25, 2011) (dismissing complaint on the basis that plaintiff's claims were "time-barred because plaintiff did not file this action within the applicable two-year statute of limitations" under the Montreal Convention); *see also Scott v. Am. Airlines, Inc.*, 187 F. Supp. 2d 557 (D. Md. 2002) (concluding that the two-year limitations period for bringing action against airline under the Warsaw Convention could not be tolled or suspended for claim involving injury to minor child on international flight).

## III.    Conclusion

Accordingly, Defendant's Motion to Dismiss (ECF No. 15) is **GRANTED**. Plaintiffs' claims are time-barred under the Montreal Convention and must be **DISMISSED WITH PREJUDICE**. The Court declines to address Defendants' alternative arguments for dismissal. An accompanying Order follows.


Date: August 30, 2023                                    _____/s/_____

                                                        Timothy J. Sullivan
                                                        United States Magistrate Judge